IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Francis E. Hillsee, | ) | Case No. 5:25-cv-03753-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").  On July 29, 2025, Respondent filed a motion for summary judgment.  ECF No. 22.  Petitioner filed a response.  ECF No. 28.  On December 10, 2025, the Magistrate Judge issued a Report recommending that the motion be granted.  ECF No. 31.  Petitioner has filed objections to the Report.  ECF No. 36.

## **APPLICABLE LAW**

    The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the

1

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by reference.  In the present action, Petitioner challenges the calculation of his sentence.  As explained in more detail by the Magistrate Judge, Petitioner was arrested on April 19, 2021, by New Jersey state authorities.  On September 1, 2021, Petitioner was taken into secondary custody by the United States Marshals Service on a writ of habeas corpus ad prosequendum.  Petitioner was sentenced to six-years on his state charges on November 19, 2021.  Petitioner was charged in federal court on April 26, 2023, and he entered a guilty plea the same day.  On September 18, 2023, Petitioner was paroled on his New Jersey state charges and was transferred to federal custody.  On February 20, 2024, Petitioner was sentenced in federal court to 120-months imprisonment, which the judge recommended run concurrent to any state sentence.  The

issue before the Court is whether Petitioner is entitled to credit for all time served from September 1, 2021. The Court finds that he is not.

The Bureau of Prisons ("BOP") calculates Petitioner's sentence as beginning on February 20, 2024—the date he was sentenced. Additionally, Petitioner is being given prior custody credit for the time between his sentencing and the day after his parole from his state charges—September 19, 2023.

The Magistrate Judge concluded that the BOP properly calculated Petitioner's sentence. In his objections, Petitioner contends that he was in exclusive federal custody since the time of his arrest on federal charges; therefore, he is entitled to credit starting on September 1, 2021, towards his federal sentence.

***Sentence Commencement and Prior Custody Credit***

As noted by the Magistrate Judge, the computation of a federal sentence is the responsibility of the Attorney General of the United States and has been delegated to the BOP. *United States v. Wilson*, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96. "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996) (internal quotation omitted). A sentence commences "on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence will be served." 18 U.S.C. § 3585(a).

When an inmate faces both federal and state charges, "the sovereign that arrested him first acquires and maintains primary jurisdiction until the sentence imposed by that sovereign has been satisfied." *Martinez v. Stewart*, C.A. No. GJH-18-3940, 2020 WL 5106712, at *2 (D. Md. Aug. 29, 2020) (citation omitted). Here, state authorities obtained primary jurisdiction over Petitioner when they arrested him on April 19, 2021, and continued to detain him based on state charges. The state maintained primary jurisdiction over Petitioner until his state sentence was satisfied and he was released to federal authorities on September 18, 2023. *See, e.g., Fisher v. O'Brien*, C/A No. 7:08-cv-00569, 2009 WL 1382385, at *2 (W.D. Va. May 15, 2009) (finding that a petitioner's federal sentence did not begin until "after the state exacted its penalty from [the petitioner] and released him to the federal detainer for service of his federal sentence."). Therefore, regardless of whether his state and federal sentences arose from the same conduct, Petitioner was "received in custody[,]" as required by § 3585(a), on the date that his sentence was imposed—February 20, 2024.

Turning to the second inquiry, the Court finds that Petitioner has received the proper credit for time spent in custody before the commencement of his sentence. Pursuant to 18 U.S.C. § 3585(b),

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

4

>> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The record indicates that Petitioner was detained in state custody, and given credit toward his state sentence, from April 19, 2021, the date of his arrest, through September 18, 2023, the date of his parole. Thus, because § 3585(b) prohibits granting dual credit, this time cannot be credited towards Petitioner's federal sentence. *See Wilson*, 503 U.S. at 337 (noting that under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time"); *United States v. Brown*, No. 91-5877, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence."). it is undisputed that Petitioner received credit from September 19, 2023, through February 19, 2024, towards his federal sentence. Accordingly, the Court finds that the BOP has properly applied all prior custody credit to which Petitioner is entitled to his federal sentence.

Based on the foregoing, the Court finds that Petitioner's sentence was computed correctly in accordance with all federal statutes, regulations, and policy as set out above. Accordingly, Petitioner is not entitled to federal habeas relief.

**CONCLUSION**

After considering de novo the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge; accordingly, Respondent's motion for summary judgment [22] is **GRANTED** and the Petition is denied.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 13, 2026
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.